## Ross W. Wood & another *vs.* Daniel Denny, Executor. Same *vs.* Same.

Bail are not discharged by allowing a declaration on the money counts to be amended by adding counts upon promissory notes, which were in fact, though not so appearing on the record, the cause of action intended to be relied on under the money counts.

Bail are discharged by an amendment adding to a declaration on the money counts a count on a guaranty of a debt due from a third person to the plaintiff.

Two writs of scire facias against bail. The cases were tried together before the chief justice, and by him reported to the full court, and are sufficiently stated in their opinion.

METCALF, J.   In the *second* of these actions the court are of opinion that the plaintiffs are entitled to judgment.   The assumed ground of defence is, that the counts on the two promissory notes, in the suit in which the defendant's testator became bail, were not for the same cause of action which was set forth in the original money counts.   It is not denied, however, by the defendant, that the notes might have been given in evidence on those counts, and would have supported them; and that the new counts were therefore unnecessary.   But he contends that an amendment, by filing new counts, cannot legally be made, unless it "appears from the record" that the amended counts are for the same cause of action as that in the original ones.   And *dicta* to that effect have been cited.   But those *dicta* are only a deduction from a rule which was formerly supposed to be in force, namely, that a new count could not be filed, unless it would be supported by the same evidence which would support the original count.   That rule, if it ever existed in this commonwealth, exists no longer.   See *Ball* v. *Claflin*, 5 Pick. 303 ; *Swan* v. *Nesmith*, 7 Pick. 220 ; *Smith* v. *Palmer*, 6 Cush. 513.   But if it were now in force, it would permit the amendment that was allowed in this action.   The notes declared on in the new counts, when given in evidence, would have supported the money counts.   The amendment, therefore, did not affect the liability of the bail or of the principal.   The judgment was for the same cause of action, and for the same amount that it would have been if no amendment had been made.   *Brooks* v. *Clark*, 2 D. & R. 148.

Still it is denied by the defendant that parol evidence is admissible to show that the notes were the cause of action on the money counts.   But we have no doubt on this point.   As the record need not show that the new counts are for the same cause as the old, it follows that this may be shown *aliunde ;* and in most cases, if not in all, it can be shown only by parol evidence.   The attorney's testimony was therefore rightly admitted; and it showed that the money counts, at the time they were made, were intended for no cause of action besides the notes.                              *Judgment for the plaintiffs.*

In the *first* of these actions, the new count on a guaranty of a debt due from a third person to the plaintiffs was not for the same cause of action as the money counts, and could not have been given in evidence on those counts. Whether, as between the parties to the action, the filing of that count was properly allowed, is not now in question. As to the bail, we are of opinion that it discharged him from his undertaking. He became bail in an action for money had and received, money lent and money paid, as set forth in the writ and declaration against the principal, and not in an action on a guaranty, by the principal, of the plaintiffs' claim on another.

The rule by which the court is to decide whether an amendment discharges bail, or dissolves an attachment so as to let in subsequently attaching creditors, is correctly stated by Mr. Justice Wilde, as follows : "Amendments in form merely will not dissolve an attachment, or discharge bail. To have this effect, the amendment must be such as to let in some new demand or new cause of action." *Haven* v. *Snow*, 14 Pick. 33, 34. *Wight* v. *Hale*, 2 Cush. 493. See also *Haynes* v. *Morgan*, 3 Mass. 210. In the case before us, the amendment did let in a new cause of action, which was not known, even by the attorney, until after the writ, declaration and arrest were made.

In England, bail are not liable for any cause of action different from that which is stated in the process or in the affidavit to hold to bail. 1 Tidd's Pract. (1st Amer. ed.) 242. *Wilks* v. *Adcock*, 8 T. R. 27. *Wheelwright* v. *Jutting*, 7 Taunt. 304. *Thomvson* v. *Macirone*, 4 D. & R. 619.

*Judgment for the defendant.*

*H. Jewell*, for the plaintiffs.

*C. P. Curtis, Jr.* for the defendant.